IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DANIEL H. DUNKER, and RICHARD W. HILL,<br><br>        Plaintiffs/Appellees,<br><br>vs.<br><br>JAMES E. BACHMAN,<br><br>        Defendant/Appellant. | 8:17CV284<br>BK 15-80069<br>ADV 15-08043<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Appellant James E. Bachman's (hereinafter, "Bachman" or "the debtor") appeal of an order of the United States Bankruptcy Court in the matter of *Dunker and Hill v. Bachman*, 15 BK-80069, 15AP8043 (Bankr. D. Neb.) (hereinafter, "Adv. P."). Bachman appeals the bankruptcy court's order denying a discharge of his debts under 11 U.S.C. § § 727(a)(2)(A) and subsequent denials of motions to reconsider that order.[1] Adv. P. Filing Nos. 102, 104, 108. The bankruptcy court found that certain judgment debt owed to the appellees Dunker and Hill was

---

[1] Bachman also challenges the denial of his motions for extensions of time to respond to Dunker's and Hill's motion for summary judgment. He contends that the bankruptcy court abused its discretion, failed to construe 11 U.S.C. § 727 liberally in favor of the debtor, and violated due process in "failing to even consider the evidence filed by a debtor who is facing severe financial difficulties which directly affected his ability to do the necessary research and comply with the time limits imposed by the court." Filing No. 12, Brief at 8. Bachman received two lengthy extensions of time to respond to the summary judgment motion and the last such extension clearly stated that no further extensions would be granted. Adv. P., Filing No. 96.

The bankruptcy court has considerable discretion in managing its docket. *See Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010); *In re Sheppard*, 532 B.R. 672, 674 (B.A.P. 6th Cir. 2015). The court finds no error or abuse of discretion in the bankruptcy court's actions. Furthermore, the record shows the bankruptcy court considered Bachman's arguments that the funds from Drs. Dunker and Hill were equity investments in Eran, not loans; Dunker's and Hill's judgments were subordinate to Eran's pre-existing debt; and he made the transfers to benefit the corporation. Adv. P., Filing No. 102, Order at 6.

excepted from discharge in Bachman's bankruptcy. For the reasons set forth below, the court affirms the decision of the bankruptcy court.

I. BACKGROUND

The record shows that Appellees Daniel H. Dunker and Richard W. Hill ("the creditors") each received judgments against Bachman and his company Eran Industries, Inc., ("Eran") in State Court Litigation in 2014 for amounts due on certain promissory notes and loan guarantees. Hill obtained a judgment in the amount of $175,589.04 and Dunker obtained a judgment in the amount of $213,354.79, plus post-judgment interest. Those judgments were final and unappealable at the time Bachman filed his petition in bankruptcy on January 19, 2015.

Dunker and Hill filed an adversary complaint against Bachman in bankruptcy court seeking a determination of dischargeability of debt and objecting to a discharge. In the parties' Joint Pretrial Statement, Bachman admitted to making the following transfers during the months leading up to his bankruptcy filing: (1) on August 21, 2014, Mr. Bachman deeded his interest in his residence, located at 1138 South 185th Circle, Omaha, Nebraska, to his wife Adella Bachman; (2) in August, 2014, he transferred his interest in a 2002 Chevrolet Trailblazer; his 50 percent interest in a 2003 Chevrolet Suburban; and his 50 percent interest in a 2005 Cobalt Boat to his wife Adella Bachman; (3) in August or September, 2014, the Defendant removed his name from the First Westroads Bank Checking Account held with his wife Adella Bachman thereby relinquishing any ownership interest in that account; and (4) in October, 2014, the Defendant transferred Berkshire B stock or the proceeds from sale of such stock that he owned to his wife Adella Bachman. *See* Adv. P., Filing No. 49. There is no dispute that

2

all of these transfers were made just a couple of months before he filed bankruptcy and that all were transfers of property that was owned or controlled solely by Bachman prior to the transfers.

The bankruptcy court found Dunker and Hill had established by a preponderance of the evidence that Bachman transferred his interests in property to his wife within one year before filing his bankruptcy petition, with the intent to hinder, delay, or defraud creditors, and was thus not entitled to discharge the debt. The bankruptcy court's decision was based on stipulated facts and on evidence from a hearing held on December 18, 2014, in Douglas County, Nebraska, District Court. In that hearing, a proceeding to determine garnishee liability, Bachman testified as follows:

> Q. I'll rephrase my question. Did you intend to thwart the plaintiffs' efforts to recover assets by transferring them out of your immediate name?
>
> A. Absolutely.

Adv. P., Filing No. 83-5, Declaration of Lauren R. Goodman, Ex. C at 23. Finding an explicit statement of intent to defraud creditors, supported by the weight of circumstantial evidence, the bankruptcy court stated that "[t]he evidence before the court overwhelmingly indicates [Bachman's] actions were intended to benefit and protect himself and his family's lifestyle at the expense of Dr. Dunker and Dr. Hill." Adv. P., Filing No. 102, Order at 6. In denying Bachman's motion for reconsideration of that order, the bankruptcy court stated:

> The motion to reconsider/motion for new trial (Fil. #105) is denied. Defendant's argument that he did not have fraudulent intent in making the transfers because he was purportedly trying to protect other creditors rings quite hollow. Defendant clearly and unequivocally on several occasions admitted to making the transfers to prevent the plaintiffs from executing on the assets. Having fraudulent intent as to some creditors but not others is

3

> simply not a defense. It is difficult to imagine a more clear case for denial of discharge.

Adv. P., Filing No. 108 (text order).

On appeal, Bachman, who is an attorney and is representing himself, argues that the transfers were made in good faith without the intent to defraud creditors. He also argues that Dunker and Hill suffered no injury by his conduct, because there was little value in the assets he allegedly fraudulently conveyed. He states that his intent was not fraudulent because he had a "subjective belief" that a bank had a security interest on all of his personal property and that the transferred property was fully encumbered and of no value to the creditors. He argues that his underlying motive for the transfers "was not to preserve the assets for himself or his wife, but to prevent a voracious creditor from causing immediate and severe harm to other creditors." Filing No. 14, Reply Brief at 7.

## II. DISCUSSION

### A. Standard of review

In an appeal from a bankruptcy court proceeding, this Court acts as an appellate court. See 28 U.S.C. § 158(a). Section 158(a)(1) grants the Court appellate jurisdiction "from final judgments, orders, and decrees," whereas §§ 158(a)(2)–(3) confers appellate jurisdiction from certain interlocutory orders. See *In re M & S Grading, Inc.*, 526 F.3d 363, 368 (8th Cir. 2008).

On appeal, the bankruptcy court's legal conclusions are reviewed de novo and its findings of fact are reviewed for clear error. *Tri–State Fin., LLC v. First Dakota Nat'l Bank*, 538 F.3d 920, 923–24 (8th Cir. 2008). The finding of the bankruptcy court

4

regarding whether the debtor acted with the intent to hinder, delay or defraud creditors is a factual one, and may set aside only if clearly erroneous. *Korte v. United States (in re Korte)*, 262 B.R. 464, 470 (B.A.P. 8th Cir. 2001). "Under the clearly erroneous standard, [the court] will overturn a factual finding only if it is not supported by substantial evidence in the record, if it is based on an erroneous view of the law, or if we are left with the definite and firm conviction that an error was made." *Roemmich v. Eagle Eye Dev., LLC*, 526 F.3d 343, 353 (8th Cir. 2008) (citation and internal quotation marks omitted).

      B.      Applicable Law

Summary judgment is proper if, drawing all reasonable inferences in favor of the non-moving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Morriss v. BNSF Ry. Co.*, 817 F.3d 1104, 1107 (8th Cir. 2016). The party moving for summary judgment bears the burden of showing that the material facts in the case are undisputed. *Id.* at 1112. However, a party opposing summary judgment "'may not rest upon the mere allegation or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial,' and 'must present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Ingrassia v. Schafer*, 825 F.3d 891, 896 (8th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57 (1986)).

Under 11 U.S.C. § 727(a)(2)(A) a discharge is disallowed if "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred . . . or concealed" the debtor's

property within one year prior to the petition. To prevail under section 727(a)(2)(A), a creditor must prove: (1) the act serving as the basis for the claim took place within one year before the petition date; (2) the act was that of the debtor; (3) the act amounted to a transfer, removal, destruction, mutilation or concealment of debtor's property; and (4) the debtor committed the act with an intent to hinder, delay or defraud a creditor or the trustee. See *City Nat'l Bank of Ft. Smith v. Bateman (In re Bateman)*, 646 F.2d 1220, 1222 (8th Cir. 1981); *Georgen–Running v. Grimlie (In re Grimlie)*, 439 B.R. 710, 716 n.11 (B. A. P. 8th Cir. 2010).

"[T]he objecting party must prove each element under § 727 by a preponderance of the evidence." *Kaler v. Charles (In re Charles)*, 474 B.R. 680, 683–84 (B.A.P. 8th Cir. 2012). To meet that standard, the court must believe the existence of a fact is more probable than its nonexistence. *Northland Nat'l Bank v. Lindsey (In re Lindsey)*, 443 B.R. 808, 812 (B.A.P. 8th Cir. 2011). Factors to consider in determining whether a debtor acted with intent to hinder, delay or defraud are: (1) lack or inadequacy of consideration; (2) family, friendship or other close relationship between the transferor and transferee; (3) retention of possession, benefit or use of the property in question; (4) financial condition of the transferor prior to and after the transaction; (5) conveyance of all of the debtor's property; (6) secrecy of the conveyance; (7) existence of trust or trust relationship; (8) existence or cumulative effect of pattern or series of transactions or course of conduct after the pendency or threat of suit; (9) instrument affecting the transfer suspiciously states it is bona fide; (10) debtor makes voluntary gift to family member; and (11) general chronology of events and transactions under inquiry. *MWI*

*Veterinary Supply Co. v. Rodgers (In re Rodgers)*, 315 B.R. 522, 531 (Bankr. D.N.D. 2004).

There is a presumption of fraud in § 727(a)(2) cases when a debtor transfers valuable property without payment. *Cadlerock Joint Venture II, L.P. v. Sandiford (In re Sandiford),* 394 B.R. 487, 490 (B.A.P. 8th Cir. 2008). "Once a gratuitous transfer is shown, the burden then shifts to the debtor to prove his intent was not to hinder, delay, or defraud his creditors." *Id.*; see *Kelly v. Armstrong,* 141 F. 3d 799, 802-803 (8th Cir. 1998). Thus, the defendant must demonstrate the absence of a fraudulent motive. *Schilling v. Heavrin (In re Triple S Restaurants, Inc.),* 422 F. 3d 405, 414 (6th Cir. 2005), *Village of San Jose v. McWilliams,* 284 F. 3d 785, 791 (7th Cir. 2002).

C. Analysis

The court finds no error in the bankruptcy court's finding that Bachman acted with intent to hinder or delay his creditors in making the subject transfers. The bankruptcy court properly found that Bachman possessed the intent to defraud his creditors when he admitted that intent, under oath, in the state court litigation. The bankruptcy court's finding is amply supported by the record.

Bachman has not established the absence of a fraudulent motive. He has presented nothing to rebut the strong evidence of intent presented by his testimony in the state court action. The basis for the denial of discharge is supported by substantial evidence in the record and the bankruptcy court's decision is not based on any erroneous view of the law. Accordingly, the court finds the order of the bankruptcy court should be affirmed.

IT IS ORDERED:

1. The order of the bankruptcy court is affirmed.

2. This action is dismissed.

Dated this 17th day of May, 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge