IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| DANIEL H. DUNKER, and RICHARD W. HILL, | 8:17CV284 |
| Plaintiffs/Appellees, | BK 15-80069 |
| | ADV 15-08043 |
| v. | |
| JAMES E. BACHMAN, | MEMORANDUM AND ORDER |
| Defendant/Appellant. | |

This matter is before the court on James E. Bachman's motions for a new trial and to reopen the case, Filing Nos. 18 and 19. His motions to reopen and for rehearing are based on Federal Rule of Bankruptcy Procedure 8022.

This court affirmed the Bankruptcy Court's denial of a discharge on a finding of fraudulent transfers and subsequent motions for reconsideration. In his motion for reconsideration, he argues that this court and the Bankruptcy Court erred in failing to consider his reasons for delay and for asking for a continuance. He contends the reasons for the delay were clearly out of his control. He argues it was clearly inequitable for this court refuse to consider the evidence the Appellant filed. He further argues that he has a meritorious defense. He again argues that he had no intent to defraud and posits that his transfers benefitted the bankruptcy estate.

Federal Rule of Bankruptcy Procedure Rule 8022 governs motions for rehearing. In re Gray, 525 B.R. 441, 441 (B.A.P. 8th Cir. 2014). The movant must "'state with particularity each point of law or fact that the movant believes the district court or BAP has overlooked or misapprehended and must argue in support of the motion.'" Id.

(quoting Fed R. Bankr. P. 8022(a)(2)). While Rule 8022 provides a mechanism for rehearing bankruptcy rulings, it does not set forth the standard of review for such motions. *In re Lau*, 684 F. App'x 235, 240 (3d Cir. 2017). Because Federal Rule of Appellate Procedure 40 mirrors Rule 8022, some courts look to Rule 40 for guidance. *In re Gray*, 525 B.R. at 442. "The Ninth Circuit has stated, 'a party abuses the privilege of making such a petition when it seeks review of a scope greater than the limited confines of Fed. R. App. P. 40.'" *Id.* (quoting *Armster v. U.S. Dist. Court for Cent. Dist. of Cal.,* 806 F.2d 1347, 1356 (9th Cir. 1986)). Consideration of subsequent factual occurrences is beyond the scope of a petition for rehearing. *In re Gray*, 525 B.R. at 442; *see Armster*, 806 F.2d at 1356. Petitions for rehearing function to ensure that the appellate court properly considered all relevant information in coming to its decision; it is not a means by which to reargue a party's case. *In re Grey*, 525 at 442; *see Anderson v. Knox*, 300 F.2d 296, 297 (9th Cir. 1962).

In the Third Circuit, the test is whether (1) the court has patently misunderstood a party, (2) the court has made a decision outside the adversarial issues presented by the parties; (3) the court has made an error not of reasoning but of apprehension; or (4) there has been a controlling or significant change in the law or facts since the submission of the issue to the Court. *In re Lau*, 684 F. App'x at 239. "A motion for rehearing does not permit parties to recycle cases and arguments which the District Court already rejected in rendering its original decision." *Id.*

The court finds Bachman merely revisits old arguments. He does not identify any intervening change in law, present any new evidence, or show that the court overlooked or misapprehended a material matter of fact or law. Contrary to Bachman's assertion,

the court considered and rejected his arguments in its earlier order. Accordingly, the court finds his motion should be denied.

IT IS ORDERED:

1. Bachman's motions for a new trial and to reopen the case (Filing Nos. 18 and 19) are denied.

Dated this 1st day of June, 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge